# Third District Court of Appeal

## State of Florida

Opinion filed January 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1402
Lower Tribunal No. 14-15885
_____

**E.H., the Mother,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Angelica D. Zayas, Judge.

Cooke Law P.A., and Stewart M. Cooke, for appellant.

Karla Perkins, for appellee Department of Children & Families; Quintairos, Prieto, Wood & Boyer, P.A., and Kimberly J. Lopater (Tampa); and Thomasina F. Moore (Tallahassee), for appellee Statewide Guardian ad Litem Office.

Before SCALES, LINDSEY, and HENDON, JJ.

PER CURIAM.

E.H., the Mother, appeals from an order adjudicating her infant child, C.J. ("Child"), dependent. We affirm the order adjudicating the Child dependent.

The trial court adjudicated the Child dependent based on several statutory grounds. Any of these grounds would warrant an adjudication of dependency.

In this appeal, the Mother has challenged only two of the statutory grounds—(1) section 39.01(35)(g)2., which pertains to "harm" "to a child's health or welfare" based on "[e]vidence of extensive, abusive, and chronic use of a controlled substance or alcohol by a parent to the extent that the parent's ability to provide supervision and care for the child has been or is likely to be severely compromised"; and (2) section 39.01(35)(i), which pertains to "harm" "to a child's health or welfare" based on "[e]ngag[ing] in violent behavior that demonstrates a wanton disregard for the presence of a child and could reasonably result in serious injury to the child." As to section 39.01(35)(g)2., the Mother's argument lacks merit and does not warrant any further discussion.

As to section 39.01(35)(i), the Mother's argument has merit. This ground was based on the Child's Father hitting the Mother on several occasions. The record reflects that the Mother and Father do not reside in

the same household, but the Father has hit the Mother several times. On one of those occasions, the Mother was holding the Child. There is no indication in the record that Mother hit the Father. As such, we conclude that the record before this Court does not indicate that she engaged in violent behavior; rather, she was the victim of violent behavior. Accordingly, the dependency of the Child as to the Mother was not properly based on section 39.01(35)(i), Florida Statutes (2020), and we reverse that portion of the order under review. However, as there are other statutory grounds that independently and clearly warrant the trial court's finding that the Child is dependent as to the Mother, we affirm the adjudication of dependency.

Finally, we note that the order adjudicating the Child dependent contains a scrivener's error. The order cites to section 39.01(35)(t) of the Florida Statutes, which does not exist. On remand, the trial court is ordered to enter an amended order adjudicating the Child dependent that does not reference section 39.01(35)(t).

Affirmed, in part; reversed, in part; and remanded for further proceedings.